# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER T. OLIVER,<br><br>                    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL ASSOCIATION et al.,<br><br>                    Defendants. | CASE NO. 17-cv-1075<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT** |

Sylvester Oliver filed a motion to proceed in forma pauperis to commence an action against Iron Workers Local 433 and Granite Construction for retaliation under Title VII and 42 U.S.C. § 1981. Oliver works construction as a member of Iron Workers Local 229. His complaint is hard to follow, but his main argument is that Local 433 and Granite failed to hire him for a job in Rosamond, California on February 4, 2016. Oliver alleges he wasn't hired because he previously filed complaints with the EEOC and NLRB.

Courts may authorize litigants to proceed without paying when they make a showing that they can't afford the filing fee. 28 U.S.C. § 1915. Oliver satisfied that requirement. But the Court "shall dismiss the case at any time if it determines that" the action "fails to state a claim on which relief may be granted." *Id.* To state a claim for retaliation, Oliver needed to offer plausible allegations that defendants took an adverse employment action against him because of his engagement in a protected activity. *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 693 (9th Cir. 2017). He's failed to do so.

"To show the requisite causal link," Oliver must allege facts that suggest his "protected activity was the likely reason for the adverse action." *Cohen v. Fred Meyer*, 686 F.2d 793, 796 (9th Cir. 1982). Oliver says he wasn't hired on February 4, 2016 because he previously filed "complaints of unfair labor practices and discrimination to the NLRB and EEOC." [Dkt. 1 ¶ 27.] But Oliver filed his EEOC charge in December 2016. [Dkt. 1-2.] This complaint couldn't have caused the adverse action that occurred ten months earlier. Oliver's EEOC charge mentions previous charges, but he doesn't specify them in his complaint.

While Oliver filed an NLRB charge in November 2015—three months before the Rosamond job—that charge was against his own union, Local 229, for failing to provide him minutes from a grievance hearing against Granite. [Dkt. 1-2 at 49.] Oliver suggests that he wanted the minutes to show one of the voting members at the hearing was a Local 443 worker who favored Granite. The gist of his argument is that Local 443 and Granite got wind of Oliver's intentions, and that's why he wasn't hired for Rosamond three months later. But he hasn't provided specific, plausible facts to back that up. As it stands, the Court has no basis to conclude that an NLRB charge against his own union was the likely reason that Local 443 or Granite failed to hire him for the Rosamond job.

There's another major problem with Oliver's complaint. He named two defendants—California Field Iron Workers Administrative Trust and District Council of Iron Workers of the State of California and Vicinity—but doesn't offer any factual allegations against them in his complaint. The complaint needs to lay out a concise, plain statement of who did what, why those actions are illegal, and what laws entitle plaintiff to relief. Fed. R. Civ. P. 8. And it's not sufficient to lump all of the defendants together. Oliver needs to explain, specifically, what each defendant did that amounts to retaliation.

In addition, Oliver's complaint only articulates a cause of action for retaliation under Title VII and § 1981. Yet, Oliver says he's an African American and was "treated differently due to his protected status." [Dkt. 1 ¶ 26.] There aren't any other allegations in the complaint that support a discrimination claim on the basis of race. If Oliver has a legitimate claim for racial discrimination, he needs to allege a second claim for relief, and lay out the specific

1  facts that show his claim is plausible. Oliver also says he wants the Court to "declare null
2  and void language in the union CBA." [Dkt. 1 ¶ 1.] He provides no context for this request,
3  nor cites any law that allows him to bring an action for this claim or empowers this Court to
4  rule on a collective bargaining agreement. Again, if he has a legitimate cause of action, he
5  needs to lay out a separate claim and explain the relevant facts. If not, he should delete
6  these allegations from his amended complaint.

Finally, the complaint should include all of the facts that the Court needs to understand the legal claim—but only those. It's unacceptable to attach 230 pages of exhibits and ask the Court to piece together the story. Everything the Court needs to know should be concisely, and chronologically, laid out in the complaint. For example, Oliver needs to explain how the hiring process worked for the Rosamond job: what role did Local 433 play? Local 229? What about Granite? The Court doesn't have any basis to evaluate who was responsible for deciding not to hire Oliver and whether that decision was improper. On the other hand, Oliver needs to delete any allegations that don't relate to the Rosamond job. For example, the Court doesn't understand how Oliver's efforts to track down documents from Michael Silvey relate to defendants' decision not to hire him for Rosamond.

While the Court has an obligation to construe pro se complaints liberally, especially in civil rights cases, the Court can't "supply essential elements of claims that were not initially pled." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). If Oliver believes he can fix the problems the Court has identified by amending his complaint, he may do so by **October 27, 2017**. If he fails to file an amended complaint, the Court will dismiss this action. Oliver's motion to proceed in forma pauperis is **GRANTED**. Oliver's complaint is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: September 29, 2017

_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge